IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRENDA TRIPICCHIO, On Behalf Of Herself And All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>OLD NAVY, LLC; OLD NAVY (APPAREL) LLC; OLD NAVY HOLDINGS, LLC; GPS SERVICES, INC.; THE GAP, INC.; and DOES 1-20<br><br>Defendants. | CIVIL ACTION NO. _____<br><br>NOTICE OF REMOVAL<br><br>*Document Electronically Filed* |

**TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**

**PLEASE TAKE NOTICE** that Defendants Old Navy, LLC; Old Navy (Apparel), LLC; Old Navy Holdings, LLC; GPS Services, Inc.; and The Gap, Inc. (collectively "Defendants"), by and through their attorneys, Morgan, Lewis & Bockius LLP, hereby remove this matter to this Court from the Superior Court of New Jersey, Law Division, Civil Part, Camden County pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332, 1441 and 1446.  In support of removal, Defendants aver as follows:

1. Pursuant to Rule 10.1(a) of the Local Civil Rules, the addresses of the named parties are as follows:

- Plaintiff Brenda Tripicchio stated in her Complaint that she is a citizen of New Jersey, residing in Moorestown, Burlington County.  Plaintiff is represented by Stephen P. DeNittis, Esq. of the law firm DeNittis Osefchen Prince, P.C.,

located at 5 Greentree Centre, 525 Route 73 North, Suite 410, Marlton, New Jersey 08053.

- Defendants Old Navy, LLC; Old Navy (Apparel), LLC; Old Navy Holdings, LLC; GPS Services, Inc.; and The Gap, Inc. have their principal place of business at 2 Folsom Street, San Francisco, California 94105.  Defendants are represented by the undersigned attorneys at Morgan, Lewis & Bockius LLP, 1701 Market Street, Philadelphia, Pennsylvania 19103.

2. Plaintiff Brenda Tripicchio ("Plaintiff") initiated this action in the Superior Court of New Jersey, Law Division, Civil Part, Camden County on January 8, 2020.  A copy of Plaintiff's Complaint is attached as Exhibit 1.

3. Defendants were served with Plaintiff's Complaint on January 15, 2020.  Plaintiff's Complaint is the only process, pleading, or order served on Defendants.  *Cf.* 28 U.S.C. § 1446(a).

4. Because this Notice of Removal is filed within thirty (30) days after Plaintiff served her Complaint upon Defendants, it is timely under 28 U.S.C. § 1446(b) and Fed. R. Civ. P. 6(a)(1)(C).

5. Plaintiff alleges that she purchased goods on numerous occasions from Defendants' Old Navy and Old Navy Outlet stores in New Jersey.  *See* Compl. at ¶ 71.

6. Plaintiff's Complaint contends that Defendants violated New Jersey's Consumer Fraud Act, N.J.S.A. 56:8-1 *et seq*. (the "NJCFA"), by allegedly placing fake base prices on products for sale in Old Navy and Old Navy Outlet stores and subsequently advertising and offering those products for sale at a purportedly discounted lower "sale" price.  *See* Compl. at ¶¶ 147, 149.

2

7. Plaintiff's Complaint also contends that Plaintiff and the class are entitled to injunctive and declaratory relief under New Jersey's Uniform Declaratory Judgment Act, N.J.S.A. 2A16-51, *et seq.* (the "NJSA") for Defendants' purported uniform pricing practices. *See* Compl. at ¶¶ 125-132.

8. Plaintiff's Complaint defines the proposed class to include herself as well as a putative class consisting of "[a]ll New Jersey citizens who purchased any purportedly discounted item from a physical Old Navy or Old Navy Outlet store in New Jersey between January 8, 2014 and the present." Compl. at ¶ 107.

9. Plaintiff alleges that this putative class "is composed of at least 10,000 persons." Compl. at ¶ 111.

10. Accordingly, this is a "class action" as defined in 28 U.S.C. §§ 1332(d)(1)(B) and 1453.[1]

11. Mindful of the time limitations on removal imposed by 28 U.S.C. § 1446(b), and in light of the state-wide scope of the putative class included in Plaintiff's Complaint, Defendants hereby remove this action on the ground that this action satisfies the test for CAFA removal.

## DIVERSITY OF CITIZENSHIP EXISTS

12. District courts have subject matter jurisdiction over a "class action," as defined in 28 U.S.C. §§ 1332(d)(1)(B) and 1453, where, *inter alia*, "any member of a class of plaintiffs is a citizen of a State different from any defendant[.]" *See* 28 U.S.C. § 1332(d)(2)(A).

13. Plaintiff alleges that she is a citizen of New Jersey. *See* Compl. at ¶ 17. Moreover, Plaintiff defines the class to include persons who purchased any purportedly discounted item from

---

[1] Defendants do not agree that Plaintiff's claims are subject to class treatment in any form and reserve the right to make all available arguments in that regard, if necessary, at the appropriate time.

a physical Old Navy or Old Navy Outlet store in New Jersey. *See, supra,* Notice of Removal at ¶ 8.

14. Pursuant to 28 U.S.C. § 1332(c), a corporation is "a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." Defendant The Gap, Inc. is incorporated in Delaware and has its principal place of business in California, making it a citizen of Delaware and California. Defendant Old Navy, LLC is a for-profit limited liability company formed and existing under the laws of Delaware with its principal place of business in California, making it a citizen of Delaware and California. Defendant Old Navy (Apparel), LLC is a for-profit limited liability company formed and existing under the laws of California with its principal place of business in California, making it a citizen of California. Defendant Old Navy Holdings, LLC was previously a for-profit limited liability company formed and existing under the laws of California with its principal place of business in California, before it was merged into Defendant Old Navy, LLC. Nonetheless, for purposes of this Notice of Removal, Defendant Old Navy Holdings, LLC is a citizen of California. GPS Services, Inc. is incorporated in California and has its principal place of business in California, making it a citizen of California. As a result, at least one member of the putative class Plaintiff seeks to represent is a citizen of a different State than Defendants. *See* 28 U.S.C. § 1332(d)(2)(A).

## **THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED**

15. District courts have subject matter jurisdiction over a "class action," as defined in 28 U.S.C. §§ 1332(d)(1)(B) and 1453, where, *inter alia*, "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs[.]" *See* 28 U.S.C. § 1332(d)(2). Pursuant to 28 U.S.C. § 1332(d)(6), the claims of each putative class member can be aggregated

to determine whether the amount in controversy requirement is satisfied.  *See* 28 U.S.C. § 1332(d)(6).

16. Plaintiff's Complaint seeks injunctive and declaratory relief whereby the court adjudges Defendants' past conduct to be in violation of federal and state pricing regulations.  *See* Compl. at ¶ 127.  Specifically, Plaintiff alleges that Plaintiff and the class are entitled to an order finding that Defendants violated New Jersey law by offering fictitious reference prices and enjoining Defendants from continuation of such alleged policies.  Compl. at ¶ 128.

17. In an action seeking declaratory or injunctive relief, the amount in controversy for jurisdictional purposes is "measured by the value of the object of the litigation."  *See Hunt v. Washington State Apple Advertising Comm'n,* 432 U.S. 333, 347 (1997).  For actions seeking declaratory relief, the amount in controversy is the value of the right to be declared.  *See Auto-Owners Insurance Company v. Stevens & Ricci Inc.*, 835 F.3d 388, 398 (3rd Cir. 2016).  For actions seeking injunctive relief, the amount in controversy is determined by the pecuniary result that the judgment would directly produce, particularly from the plaintiff's viewpoint.  *See Hunter v. Greenwood Trust Co.*, 856 F. Supp. 207, 219 (D.N.J. 1992); *Weinberg v. Sprint Corp.*, 165 F.R.D. 431, 443 (D.N.J. 1996).  Accordingly, the yardstick for measuring the amount in controversy in an injunction case is the value to plaintiffs to conduct their personal or business affairs free from the activity that is sought to be enjoined.  *See id.*

18. Here, the declaration sought by Plaintiff would determine whether Defendants unlawfully obtained millions of dollars in revenue from citizens of New Jersey who purchased items from Old Navy stores and Old Navy Outlet stores during the class period.[2]

---

[2] In *South Florida Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1316 (11th Cir. 2014), a class action defendant successfully established the threshold amount in controversy by showing that a declaration sought by the plaintiff would determine whether the defendant made

19. Although Plaintiff does not request damages, under remedies purportedly available under N.J.S.A. 56:8-2.12, Plaintiff and putative class members, through a private action, may seek to recover refunds of all money acquired by Defendants by means of any practice declared to be in violation of the statute. *See* N.J.S.A. 56:8-2.11 – 8-2.12. Accordingly, if Plaintiff is successful and obtains an order adjudging the alleged conduct to have been unlawful, Defendants' customers could seek to recover all of the money acquired by Defendants during the class period. Plaintiff also seeks "reasonable attorney's fees and all costs" and an injunction "prohibiting the complained-of conduct by Defendants in the future." Compl. Prayer for Relief at ¶¶ C-D.

20. Where a plaintiff has not alleged a specific damages amount, a district court may rely on evidence the removing defendant puts forward, as well as reasonable deductions and inferences drawn from that evidence, to determine whether the defendant has carried its burden of establishing that the amount exceeds the jurisdictional minimum. *See South Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014). Furthermore, for purposes of determining jurisdiction, the amount in controversy is "not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." *Auto-Owners*, 835 F.3d at 401 (*quoting Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993).)

21. Based on the allegations in the Complaint, the amount in controversy requirement is satisfied. Plaintiff alleges that the class includes every citizen who purchased any purportedly "discounted item" from at least 37 Old Navy and Old Navy Outlet stores in New Jersey from January 8, 2014 until the present. *See* Compl. at ¶¶ 23, 107. Plaintiff further alleges that purchases would not have been made absent the allegedly unlawful advertising scheme. *See* Compl. at ¶ 96.

---

insufficient payments on more than $1.6 million bills for payment or reimbursement with the amount of insufficiency exceeding $68 million.

Hundreds of thousands of physical Old Navy and Old Navy Outlet store "discounted items" implicated by the allegations have been sold in New Jersey since January 8, 2014. If, as Plaintiff alleges, she is able to prove that Defendants' conduct violated the NJCFA and these purchases would not have otherwise been made, Defendants face the risk of claims for refunds of the total purchase price for each discounted item sold in New Jersey during the six-year period.[3] The amount in controversy for these violations, if Plaintiff obtains the requested declaratory judgment, would be in excess of $5 million, based on the volume of sales in physical Old Navy and Old Navy Outlet stores in New Jersey since January 8, 2014. Declaration of Elissa Zerfoss at ¶ 4.

22. Plaintiff's claims for attorneys' fees and injunctive relief, including the cost of implementing the requested relief, only further confirm that the amount in controversy requirement is met.

23. Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2).[4] This analysis satisfies the requirement that Defendants include "only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" in this Notice, without the need to include evidentiary submissions at this stage. *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 81 (2014).

**VENUE**

24. Venue is proper in this district pursuant to 28 U.S.C. § 1441 (a).

---

[3] Defendants do not agree that Plaintiff or putative class members have been damaged or suffered any "ascertainable loss" under the NJCFA, and reserve the right to make all available arguments in that regard, if necessary, at the appropriate time.

[4] CAFA's "local controversy" and "home state" exceptions both apply only where the defendant is a citizen of the State in which the action was originally filed. *See* 28 U.S.C. § 1332(d)(4)(A)(cc) (requiring that "at least one defendant . . . is a citizen of the State in which the action was originally filed"); *id.* at § 1332(d)(4)(B) (requiring, *inter alia*, that "primary defendants[] are citizens of the State in which the action was originally filed"). Defendants demonstrated above that they are not citizens of New Jersey; therefore, neither exception applies.

## NOTICE

25. Defendants will promptly serve Plaintiff with this Notice of Removal and file a copy of this Notice of Removal with the clerk of the Superior Court of New Jersey, Law Division, Civil Part, Camden County pursuant to 28 U.S.C. § 1446(d).

## CONCLUSION

WHEREFORE, Defendants respectfully remove this matter to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

Dated: February 11, 2020

MORGAN, LEWIS & BOCKIUS LLP
(A Pennsylvania Limited Liability Partnership)

/s/ Kristin M. Hadgis
Kristin M. Hadgis
kristin.hadgis@morganlewis.com
1701 Market Street
Philadelphia, PA  19103-2921
(215) 963-5000

Attorneys for Defendants

*Old Navy, LLC; Old Navy (Apparel) LLC; Old Navy Holdings, LLC; GPS Services, Inc.; The Gap, Inc.*

## **CERTIFICATION**

Pursuant to Local Civil Rule 11.2, the undersigned hereby certifies that, to the best of her knowledge, the matters raised herein are subject to the following lawsuits:

*Andrews v. Old Navy, LLC, et al.,* CGC-19-580710, pending before Judge Garrett L. Wong in the Superior Court of California, County of San Francisco.

*Barba v. Old Navy, LLC, et al*., CGC-19-581937, pending before Judge Garrett L. Wong in the Superior Court of California, County of San Francisco.

*Hennessey v. The GAP, Inc., et al*, 4:19-cv-01867-SEP, pending before Judge Sarah E. Pitlyk in the District Court of the United States, Eastern District of Missouri.

*Nemykina v. Old Navy, LLC, et al*., 2:19-cv-01958-MAT, pending before Judge Mary Alice Theiler in the District Court of the United States, Western District of Washington.


Dated: February 11, 2020                                              MORGAN, LEWIS & BOCKIUS LLP
                                                                                             (A Pennsylvania Limited Liability Partnership)


                                                                                             /s/ Kristin M. Hadgis
                                                                                             Kristin M. Hadgis
                                                                                             kristin.hadgis@morganlewis.com
                                                                                             1701 Market Street
                                                                                             Philadelphia, PA  19103-2921
                                                                                             (215) 963-5000

                                                                                             Attorneys for Defendants
                                                                                             OLD NAVY, LLC; OLD NAVY (APPAREL) LLC; OLD NAVY HOLDINGS, LLC; GPS SERVICES, INC.; THE GAP, INC.

## **CERTIFICATE OF SERVICE**

I, Kristin M. Hadgis, hereby certify that I caused to be served a true and correct copy of the foregoing Notice of Removal with attached exhibits and Local Rule 11.2 Certification this 11th day of February, 2020, as follows:

**Via Electronic Mail:**
Stephen P. DeNittis
Joseph A. Osefchen
Shane T. Prince
DeNittis Osefchen Prince, P.C.
5 Greentree Centre
525 Route 73 North, Suite 410
Marlton, New Jersey 08053
Telephone: (856) 797-9951
Email: sdenittis@denittislaw.com
Email: josefchen@denittislaw.com
Email: sprince@denittislaw.com

Daniel M. Hattis
Paul Karl Lukacs
Hattis & Lukacs
400 108th Ave NE, Suite 500
Bellevue, Washington 98004
Telephone: (425) 233-8650
Email: dan@hattislaw.com
Email: pkl@hattislaw.com

*Attorneys for Plaintiff*

/s/ Kristin M. Hadgis
Kristin M. Hadgis